```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JEFFREY RUSSELL,

                Plaintiff,         ORDER
                                   12-CV-1896(JS)(ETB)
        -against-

SHERIFF VINCENT DEMARCO, WARDEN
CHARLES EWALD AND JOHN DOE, DOCTOR,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:     Jeffrey Russell, Pro Se
                   400060
                   Suffolk County Correctional Facility
                   110 Center Drive
                   Riverhead, New York 11901

For Defendants:    No Appearances
```

SEYBERT, District Judge:

  Before the Court is the Complaint of incarcerated pro se plaintiff Jeffrey Russell ("Plaintiff") against Suffolk County Sheriff Vincent DeMarco, the Warden of the Riverhead Correctional Facility, Charles Ewald, and an unidentified "John Doe" described as a "Facility Doctor - Name and Employee Identification Number unknown" (collectively, "Defendants") filed pursuant to 42 U.S.C. § 1983, accompanied by an application to proceed in forma pauperis. Upon review of Plaintiff's declaration in support of the application, the Court finds that Plaintiff's financial status qualifies him to file this action without prepayment of the filing fee. Accordingly, the application to proceed in forma pauperis is granted. However, for the reasons that follow, the Complaint is sua sponte dismissed in part pursuant to 28 U.S.C. §§

1915(e)(2)(B)(ii); 1915A(b).

BACKGROUND

Plaintiff alleges that:

> On or around December 30th, approximately 11:35 a.m. at the Suffolk County Jail located in Riverhead, New York, particularly on the fourth floor in the West-North Housing Section of the inmate living quarters, Medical Staff (i.e. Facility Doctor) Name and Employee Identification Number unknown . . . fell in clear violation of Title 42 of the Code of Federal Regulations. Whereas [he] breached regulations involving the confidentiality of a patient's medical records or status. John Doe, on the above mentioned date without any regard to his sworn Hippocratic oath freely disseminated sensitive confidential medical information in the presence of officers and other inmates in a blatant display of unethical professional behavior . . . .

Compl. at ¶ IV, and pages 1-2 annexed thereto. Plaintiff has also attached to his Complaint a copy of a grievance form dated December 30, 2011 wherein he describes that the unidentified Defendant Doctor revealed the results of Plaintiff's blood test that Plaintiff was positive for the HIV virus. Id. and page 3 annexed to the Complaint. For relief, Plaintiff seeks to recover two million dollars ($2 million) in monetary damages to compensate him for the "defamation of my character and obvious embarrassment in the unbridled release of patient information and the irreversible effects of my current health condition" as well as "federal review into the conduct of John Doe as it relates to the alleged malpractice and constitutional deprivation of privacy rights.

2

Injunctive relief as it relates." (Compl. at ¶ V).

DISCUSSION

I.  In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is granted.

II.  Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i-iii); 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing

3

Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citations omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. at 1955).

III. Section 1983

>Section 1983 provides that
>
>[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider

4

v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

In addition, in order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009) that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. Thus, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. Appx. 199 (2d Cir. Jan. 12, 2010). With these standards in mind, the Court considers the Plaintiff's claims.

A. <u>Defendants DeMarco and Ewald</u>

Although Plaintiff names Sheriff DeMarco and Warden Ewald

as Defendants, there are no factual allegations concerning any unconstitutional conduct attributable to either of them in the body of the Complaint. Thus, it appears Plaintiff seeks to hold these Defendants liable solely because of the supervisory positions they hold. As set forth above, a plausible Section 1983 claim must allege the personal involvement of the defendant in the alleged constitutional violation. See supra at 5. Similarly, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. Rivera v. Fischer, 655 F. Supp. 2d at 237; see also Warren v. Goord, 476 F. Supp. 2d 407, 413 (S.D.N.Y 2007), aff'd., 368 F. App'x 161 (2d Cir. 2010) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'") (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)). A supervisor cannot be liable for damage under Section 1983 solely by virtue of being a supervisor because there is no respondeat superior liability under Section 1983. Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003).

Here, Plaintiff's Complaint does not include any factual allegations sufficient to demonstrate any personal involvement by Defendants DeMarco or Ewald. Accordingly, the Section 1983 claims asserted against them are not plausible and are dismissed with

prejudice.

B. <u>John Doe Defendant</u>

Though thin, given the Second Circuit's guidance, Plaintiff's Section 1983 claim against the unidentified John Doe Defendant may proceed. See <u>McEachin</u>, 357 F.3d at 200 ("We have frequently reiterated that '[<u>s</u>]<u>ua sponte</u> dismissals of <u>pro se</u> prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court.'") (quoting <u>Moorish Sci. Temple of Am. Inc. v. Smith</u>, 693 F.2d 987, 990 (2d Cir. 1982)); <u>Benitez v. Wolff</u>, 907 F.2d 1293, 1295 (2d Cir. 1990) (<u>per curiam</u>) ("<u>Sua sponte</u> dismissal of a <u>pro se</u> complaint prior to service of process is a draconian device, which is warranted only when the complaint lacks an arguable basis in law or fact. Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer.") (citations and internal quotations omitted)).

However, the United States Marshals Service will not be able to serve the John Doe Defendant without further identifying information. The problem encountered by Plaintiff is a common one as it is frequently difficult for a <u>pro se</u> litigant to identify individual medical personnel encountered at a correctional facility. In <u>Valentin v. Dinkins</u>, 121 F.3d 72 (2d Cir. 1997) (<u>per curiam</u>), the Second Circuit made clear that a pro se litigant is entitled to assistance from the district court in identifying a

7

defendant.

Accordingly, the Court hereby requests that the Suffolk County Attorney ascertain the identity and address where the individual described in the Complaint as a "facility doctor" working on the "fourth floor in the West-North Housing Unit Section of the Inmate Living Quarters" at approximately 11:35 a.m. on December 30, 2011 may be served. Compl. at ¶ IV, and page 1 annexed thereto. **The Suffolk County Attorney shall provide this information to Plaintiff and the Court in writing within thirty (30) days from the date of this Order** and need not undertake to defend or indemnify this individual at this juncture. This Order merely provides a means by which Plaintiff may name and properly serve the Defendant as instructed by the Second Circuit in <u>Valentin</u>. Once this information is provided, Plaintiff's Complaint shall be deemed amended to reflect the full name of the Defendant, a summons shall be issued and the Clerk of Court shall forward to the United States Marshals Service copies of the Summons, Complaint and this Order for service upon the Defendant without prepayment of fees. The Clerk of Court shall serve a copy of this Order and a copy of the Complaint on the Suffolk County Attorney.

<u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is granted, but the Complaint is <u>sua</u> <u>sponte</u> dismissed with prejudice as against Defendants DeMarco and

Ewald pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b).

The Clerk of Court shall serve a copy of this Order and a copy of the Complaint on the Suffolk County Attorney and the **Suffolk County Attorney shall, within thirty (30) days ascertain the identity of the John Doe Defendant described in the Complaint and provide the full name and address where such individual may be served to the Plaintiff and the Court in writing.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

                                                    SO ORDERED.

                                          /s/ JOANNA SEYBERT
                                          Joanna Seybert, U.S.D.J.

Dated:     April __26__, 2012
             Central Islip, New York